UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY MORELAND,

v.                                               Case No.      8:97-cr-233-T-24MAP
                                                               8:05-cv-1403-T-24MAP

UNITED STATES OF AMERICA.

_____/

## <u>ORDER</u>

On June 30, 2005, Defendant Anthony Moreland (Moreland) signed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. cv-1, cr-56).

Because review "of the motion and the file and records of the case conclusively show that the defendant is entitled to no relief," the Court will not cause notice thereof to be served upon the United States Attorney but shall proceed to address the matter. <u>See</u> 28 U.S.C. § 2255.

Background

On December 18, 2003, pursuant to a written plea agreement, Moreland pled guilty to Count One of a two-count Indictment.  (Doc. cr- 1, 44, 49).  Court One charged Moreland with distribution of five grams or more of a mixture or substance containing a detectable amount of cocaine base in or on or within 100 feet of a public or private youth center, in violation of 21 U.S.C. § 860(a) and 841(a)(1).  On March 23, 2004, the Court sentenced Moreland to 188 months incarceration.  On the Government's motion, Count Two was

dismissed. Judgment was entered March 24, 2004.

Moreland did not file a direct appeal.  Therefore, the judgment of conviction became final on April 10, 2004, ten days after judgment  was entered. See Fed. R. App. P. 4(b)(1); Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000); Adams v. United States, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires).

Motion To Vacate Is Time-Barred

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act of 1995 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for the filing of a § 2255 motion, to run from the latest of: 1) the date on which the judgment of conviction becomes final; 2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; 3) the date on which the right asserted was initially recognized by the United States Supreme Court; or 4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (Apr. 24, 1996).

For final judgments entered after the effective date of the AEDPA, or April 24, 1996, as in this case, the statute of limitations begins to run on the date the district court's judgment becomes final. Moreland's judgment became "final" when the possibility of further direct appellate review was exhausted, on April 10, 2004, and he had until April 10, 2005 to file a timely section 2255 motion. Moreland did not sign the present motion to vacate until June 30, 2005, and did not file the motion until July 28, 2005.  Therefore, the 28 U.S.C. §

2255 motion to vacate is time-barred.

Moreland has not presented any exceptional circumstances for tolling the one-year limitations period.

Accordingly, the court orders:

That Moreland's  motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-56)  is denied, with prejudice, as time-barred. The Clerk is directed to enter judgment against Moreland and to close the civil case.

ORDERED at Tampa, Florida, on August 2, 2005.

SUSAN C. BUCKLEW
United States District Judge

AUSA:  Maria Chapa Lopez
Pro se:  Anthony Moreland